**John TAWZER, Plaintiff,**

v.

**FOOTE AND DAVIES, INC. OF DELAWARE, a corporation, and Graphic Arts International Union Local 96–B, Defendants.**

**Civ. A. No. C78–1231A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 14, 1981.

Richard R. Boisseau, Robert S. Wiggins, Atlanta, Ga., for plaintiff.

**500**

James D. Fagan, Jr., Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

In an order filed June 10, 1980, this court deferred ruling on defendant Foote & Davies's motion for summary judgment and on defendant local union's motion for summary judgment as to Count II of the complaint. Further affidavits were filed with the clerk of court, who submitted this file for a ruling on March 24, 1981.

A ruling on Foote & Davies's motion for summary judgment must center on the applicability of Article I, § 2 of the collective bargaining agreement, which states as follows:

No employee shall be deprived, as a result of contract negotiations, of any benefits and privileges enjoyed which are not specifically set forth in this contract.

A new affidavit executed by David C. Jones, who is Foote & Davies's Vice President of Industrial Relations, states that Article I, § 2 is simply a maintenance of benefits clause. He states: "This provision was not intended to place any restrictions whatsoever on the rights of the parties to make future agreements on any subject, including agreements which affected seniority." The reclassification of employees which resulted in the instant action was done pursuant to a written modification of the collective bargaining agreement, signed on July 25, 1977. Jones's affidavit goes on to say that "[i]t was our understanding that under this written modification there would be no restriction, including seniority, on the employees which Foote & Davies could pick to reclassify. It was specifically agreed that seniority would not be a bar to these reclassifications, whether or not it would normally have been a bar." While the Jones affidavit does not specifically address whether seniority in a demotion situation was a "benefit or privilege" enjoyed by employees as contemplated in Article I, § 2 of the agreement, it does show that the parties' intentions in writing that section into the contract were not to limit future negotiations between management and union, including those resulting in demotions such as occurred in the instant case.

Another affidavit was executed by Truitt L. Crunkleton, the president of the local union for the last 19 years. Crunkleton was chief negotiator for the local at the time the collective bargaining agreement was entered into. He states that the wording which makes up Article I, § 2 of that agreement has been placed in all collective bargaining agreements made by the union with Foote & Davies and with the Printing Association of Georgia. Crunkleton adds that the clause is placed in contracts in order to prevent employers from unilaterally terminating existing benefits or privileges not specifically preserved in a collective bargaining agreement. It was not the intention of the parties to the collective bargaining agreement, according to Crunkleton, that Article I, § 2 limit the ability of management and union to make alterations in the labor-management relationship. It is clear from Crunkleton's affidavit that the union did not intend to restrict the bargaining unit's power to make future modifications in the terms of employment of the workers it represented.

Opposing the renewed motions and the affidavits, plaintiff has submitted an affidavit and a brief in support of his contentions that summary judgment for Foote & Davies would be inappropriate. He admits in his affidavit that he knows of no prior situation in which Foote & Davies sought to reduce employees within a particular pay classification, although he says that he remembers "only instances where seniority was respected and honored." He also states in his affidavit that seniority was taken into consideration and was a determining factor in assessing which employees would first be laid off. He does not, however, indicate that seniority in demotion was a "benefit or privilege" enjoyed by Foote & Davies employees, or that such benefits or privileges could not be removed through future negotiations. Plaintiff's brief in response to the new submissions of defendants does argue that the insulation of one

having seniority from demotion ahead of those junior to him was a benefit or privilege enjoyed by the plaintiff. The brief points to Article XVI, which states that seniority shall apply in the case of layoffs, and also to Article XI, § 2(d), which says effectively the same thing, but does not show that demotion was intended to be included within the definition of "layoff." Plaintiff relies on an arbitrator's decision in a similar circumstance to support his position that he was protected from demotion by the collective bargaining agreement. In *Kenworth Motor Truck Corp. v. International Ass'n of Machinists*, 8 Lab. Arb. 867 (1947) (Seering, Arb.), the arbitrator found that a collective bargaining agreement between the parties forbade the employer from demoting workers without regard to seniority. He wrote: "Reclassification is such an intimate concomitant of layoff that unless such a result is expressly negatived in the contract, it must be held to have been in the contemplation of the parties when the seniority clause was written granting seniority in all classifications." The circumstances of that dispute were materially different from those in the instant case, however. In *Kenworth* the arbitrator had to construe a collective bargaining agreement when the contracting parties argued for two different interpretations. In the instant case, both management and union have shown the intended meaning of Article I, § 2 and the supplemental agreement through the submission of substantial evidence.

■ The position of Foote & Davies is that even if Article I, § 2 would prohibit demotion decisions which ignore seniority, that provision was modified by the supplemental agreement approved by the local's membership on July 23, 1977, and that this modification was and is binding on the plaintiff. In this contention Foote & Davies is correct. A bargaining representative under the Labor Management Relations Act has the right—in fact, the duty—to negotiate temporary compromises in order to obtain long-range advantages. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338–39, 73 S.Ct. 681, 686–87, 97 L.Ed. 1048 (1953). The situation which confronted the local in the instant case was a serious one which required accession to a drastic act by the company in order to preserve employment for the majority of local members. Moreover, the collective bargaining agreement entered into by the employer in order to preserve industrial harmony did not require Foote & Davies to run an unprofitable Atlanta operation. Thus when the supplemental agreement was entered into by the local and by the employer, plaintiff—along with others—was given the choice of either demotion or discharge. It is clear that both the local and the employer intended that seniority not be taken into account in effectuating the decision to demote.

■ As the local and the employer had the authority and right to modify the collective bargaining agreement, *Ford Motor Co. v. Huffman, supra; Watson v. International Brotherhood of Teamsters*, 399 F.2d 875, 879 (5th Cir. 1968), the court must conclude there is no genuine dispute that plaintiff was demoted in accordance with the collective bargaining agreement. Defendant Foote & Davies's motion for summary judgment is therefore GRANTED.

The other outstanding issue is the local's motion for summary judgment in its favor on plaintiff's claim that the local breached its duty of fairly representing him. As the court stated in its prior order, *see* Order of June 10, 1980, at 4, the determinative question is whether the employer has breached the collective bargaining agreement. As the court has ruled in the instant order, no such breach occurred, and the local's motion for summary judgment is accordingly GRANTED.